|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| 10 | | |

| | |
|---|---|
| ROBERT JOHN VILLARINO II,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION: Manager, 1521 N. Carpenter Rd., Suite 1, Modesto, CA 95354 and DOES 1 to 1,<br><br>Defendants. | No. 1:18-cv-01112-DAD-EPG<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 3) |

This matter came before the court on defendant Social Security Administration's ("SSA") motion to dismiss. (Doc. No. 3). A hearing on the motion was held on October 2, 2018. (Doc. No. 9.) Plaintiff did not appear at the hearing. Assistant U.S. Attorney Alyson Berg appeared on behalf of SSA. Having considered SSA's arguments, plaintiff's complaint, the relevant authority, and the record, the court finds that plaintiff has failed to exhaust his administrative remedies and failed to state a claim. Accordingly, the court will grant defendant's motion to dismiss.

**BACKGROUND**

On June 19, 2018, plaintiff filed a form complaint in the Stanislaus County Superior Court against the SSA. (*See* Doc. No. 1 at 3–40.) Plaintiff checked the box identifying his cause of action as "General Negligence." (*See id.* at 3, 6.) In a handwritten attachment to his form complaint, plaintiff alleged as follows. On December 1, 2016, plaintiff's disability monies were

1

not deposited in his bank account. (*Id.* at 13.) Plaintiff went to the SSA office on December 2, 2016 to find out why, and was told by the disability clerk that plaintiff needed to update his information on file. (*Id.*) Plaintiff provided updated information to the clerk at that time. (*Id.* at 14.) Plaintiff received his disability monies five days later. (*Id.*)

On March 1, 2017, plaintiff's disability monies were again not deposited in his bank account. (*Id.*) On March 3, 2017, plaintiff again went to the SSA office and spoke to the same clerk he had spoken to in December 2016. (*Id.* at 14–15.) Plaintiff inquired whether he needed to provide another update to his file. (*Id.* at 15.) The clerk did not remember plaintiff and informed plaintiff that he had no information regarding plaintiff's file, that plaintiff's disability monies had ceased, and that plaintiff was no longer on disability. (*Id.*) The clerk showed plaintiff a notice dated December 9, 2016, which stated that "Charles F. Marsh, MD FAPA, County of San Diego Mental Health, Comprehensive Health Care" had made a determination on March 22, 2000 that plaintiff was "unable to work for reasons that were other than diagnosed by Dr. Yolanda Klein." (*Id.*) Plaintiff asked to appeal the determination. (*Id.*) The clerk informed plaintiff that he could not appeal, because more than 60 days had passed since December 9, 2016. (*Id.* at 15–16.)

Plaintiff also attached to his complaint handwritten pages, which are largely incomprehensible, referencing the Unruh Civil Rights Act, the Administrative Procedure Act, and the California Civil Code sections regarding defamation, libel, and slander. (*See id.* at 8–12.) On his form complaint, plaintiff checked boxes indicating that he had suffered loss of use of property, general damage, loss of income, and loss of household. (*Id.* at 6.) Finally, in his state court complaint plaintiff sought compensatory damages in the amount of "$10,000.00 – 1.00." (*Id.*)

On August 17, 2018, defendant removed the case to this federal court. (Doc. No. 1.) In its notice of removal, defendant stated that it became informed of this action on or about July 6, 2018, but that it had not been properly served with the summons and complaint. (*Id.* at 1.) To date, no proof of service has been filed by plaintiff.

On August 23, 2018, defendant filed the instant motion to dismiss. (Doc. No. 3.) Plaintiff did not file any opposition to the motion. On September 25, 2018, defendant filed a reply in support of its motion to dismiss. (Doc. No. 7.) In that reply, defendant stated that it had served

its motion to dismiss on the plaintiff at the address provided by him in his state court action, but that it was returned by the postal service as undeliverable on September 10, 2018. (*Id.* at 1.) Counsel for defendant requested from the SSA any additional addresses for plaintiff, but found none. (*Id.* at 2.) Counsel for defendant furthermore served the motion on September 13, 2018 upon attorney Rodney Rusca, Jr.—who has not been retained by plaintiff but was identified in an earlier submission by plaintiff—in the event that plaintiff might contact attorney Rusca prior to the hearing date on the pending motion. (*Id.*) Defendant represents that it has undertaken all reasonable efforts to serve the present motion to dismiss on plaintiff. (*Id.*)

The court acknowledges that it is likely plaintiff has not received the present motion. Indeed, since holding the hearing on the motion, the United States Postal Service has returned as undeliverable the court's civil new case documents and September 27, 2018 minute order that were directed to be served on plaintiff. Nonetheless, Local Rule 182(f) provides that "[e]ach appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective." As of the date of this order, plaintiff has not filed a notice of change of address. Pursuant to Local Rule 182(f), service of documents at the prior address of the plaintiff is therefore fully effective.

**LEGAL STANDARDS**

**A.     Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1)**

A party may move to dismiss a case for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because of this, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). However, removal jurisdiction under § 1442 is to be construed "broadly in favor of removal." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

/////

Challenges to jurisdiction may be either facial or factual in nature. *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of the Interior*, 905 F. Supp. 2d 1158, 1167 (E.D. Cal. 2012). A facial attack to jurisdiction "accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). Meanwhile, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* In a factual challenge, the court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

**B.     Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court will not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 676. A complaint must do more than allege mere

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

In ruling on such a motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint, if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## ANALYSIS

SSA argues that plaintiff has failed to exhaust his administrative remedies and otherwise fails to state a cognizable claim against the SSA. The court addresses these arguments in turn.

### A. Lack of Subject Matter Jurisdiction

Although plaintiff's cause(s) of action against the SSA are not entirely clear, it appears that plaintiff is attempting to assert a negligence claim based on the alleged wrongful termination of his social security benefits. To pursue a tort claim against the United States, however, plaintiff must comply with the Federal Tort Claims Act ("FTCA"). *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). The FTCA is a "limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA requires a plaintiff to pursue administrative remedies prior to filing a civil action. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 107 (1993).

In support of its motion to dismiss, defendant has submitted the declaration of Mary Ann Steinbacher. (Doc. No. 3-2.) Ms. Steinbacher is a paralegal in SSA's Office of General Law, and in that capacity, maintains the agency's records regarding all claims filed against the SSA under the FTCA. (*Id.* at ¶ 1.) Ms. Steinbacher conducted a search of SSA's records and found no administrative tort claims filed against SSA by plaintiff. (*Id.* at ¶ 3.) To the extent plaintiff's complaint seeks tort relief, plaintiff's failure to satisfy the FTCA exhaustion requirement bars such relief.

Moreover, to the extent that plaintiff's tort claim is premised on the denial of his supplemental security income ("SSI") benefits, his claim is barred under 42 U.S.C. § 405(h),

which provides, in relevant part: "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." The Ninth Circuit held in *Hooker v. Department of Health and Human Services*, 858 F.2d 525, 530 (9th Cir. 1988), that "section 405(h) bars [a] state law claim under the FTCA," where such a claim arises out of the termination of benefits. Indeed, in *Hooker*, the Ninth Circuit rationalized that Congress intended to limit such claims under the FTCA because it had created an administrative remedial scheme by which an aggrieved person may contest the termination of benefits:

> If a recipient disagrees with SSA's decision to terminate his benefits, the recipient has the right to *de novo* reconsideration by the appropriate state agency. 20 C.F.R. § 416.1413 (1988). If, after reconsideration by the state agency and SSA review, the decision remains adverse to the recipient, he is notified of his right to an evidentiary hearing before an ALJ. *Id.* § 416.1422 (1988). If the ALJ finds in favor of the Secretary, the recipient may request discretionary review by the SSA Appeals Council, *id.* § 416.1455 (1988), and finally may obtain judicial review pursuant to 42 U.S.C. § 405(g). 20 C.F.R. § 416.1481 (1988).

*Id.* at 529–30.

Here, defendant contends that the court lacks jurisdiction to review a benefits decision by the SSA because plaintiff has not completed all steps of the administrative review process. In support of this contention, defendant has submitted the declaration of Sofia Aguilar, the Title XVI Supplemental Security Income Claims Technical Expert in the SSA's Modesto, California field office. (Doc. No. 3-3 at ¶ 1.) Ms. Aguilar attests that plaintiff was an SSI recipient. (*Id.* at ¶ 2.) However, SSA conducted a continuing disability review in December 2016, and on December 9, 2016, issued a Notice of Disability Cessation informing plaintiff that his disability had ceased as of December 1, 2016 and that his last SSI payment would be issued for February 2017. (*Id.* at ¶ 3.) This letter is attached as Exhibit 1 to Ms. Aguilar's declaration. (*See id.* at 5–8.) The disability cessation determination was based on the fact that SSA had insufficient information about plaintiff's current medical condition, which plaintiff failed to supply. (*Id.* at ¶ 3.)

According to Ms. Aguilar's declaration, plaintiff requested reconsideration of the disability cessation determination on March 9, 2017. (*Id.* at ¶ 4.) SSA confirmed plaintiff's

6

request for reconsideration on March 10, 2017, and a copy of that confirmation is attached as Exhibit 2 to Ms. Aguilar's declaration. (*See id.* at 10–15.) Even though plaintiff's reconsideration request was untimely, SSA found good cause to excuse the untimeliness because plaintiff claimed he did not receive the cessation letter. (*Id.* at ¶ 5.) SSA thereafter issued interim SSI benefits to plaintiff. (*Id.*) On December 1, 2017, SSA adjudicated plaintiff's reconsideration request and found that plaintiff's disability had ceased as of December 1, 2016. (*Id.* at ¶ 6.) A copy of that decision is attached to Ms. Aguilar's declaration as Exhibit 3. (*Id.* at 17–19.)

On April 3, 2018, plaintiff requested a hearing before an administrative law judge ("ALJ"), a copy of which is attached to Ms. Aguilar's declaration as Exhibit 4. (*Id.* at ¶ 7, 21.) SSA ceased plaintiff's interim benefits effective March 1, 2018, because plaintiff did not timely file his hearing request. (*Id.* at ¶ 8.) The hearing office is currently considering whether plaintiff's hearing request is timely or whether good cause exists to excuse any untimeliness. (*Id.* at ¶ 9.) If the ALJ determines that plaintiff's request was timely or that his untimeliness in seeking the hearing is excusable, plaintiff may be eligible for resumption of interim benefits until the ALJ renders a decision regarding continuing disability review. (*Id.*) Counsel for defendant represented that, as of the date of the hearing on the pending motion, the ALJ had not determined whether plaintiff is entitled to a hearing despite his untimely request.

According to these submissions by the defendant, it appears undisputable that plaintiff has not exhausted his administrative remedies.[1] The court therefore lacks jurisdiction over plaintiff's negligence claim. *See Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("We have repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly.").

**B.     Failure to State a Cognizable Claim**

Defendant argues that, in addition to this court lacking jurisdiction over plaintiff's claims, plaintiff has also failed to allege sufficient facts to make his claims plausible or cognizable. (Doc.

---

[1] Furthermore, to the extent that plaintiff seeks review under the Administrative Procedure Act, the court also lacks jurisdiction because the court may only review final decisions of the Commissioner of the SSA made after a hearing. *See* 42 U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

No. 3-1 at 4–6.) The court agrees. Even construing plaintiff's allegations liberally, the court is unable to decipher plaintiff's claims for defamation and libel or his apparent attempt to state a claim under the Unruh Civil Rights Act. (*See* Doc. No. 1 at 9–12.) Plaintiff also fails to allege any facts regarding "loss of use of property" or "loss of household." (*See* Doc. No. 1 at 6.) When a complaint is "vague, conclusory, and general and does not set forth any material facts in support of the allegations," dismissal is proper. *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983). Accordingly, plaintiff's complaint will also be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**C.     Leave to Amend**

The court has considered whether plaintiff should be given further leave to amend his complaint to cure the deficiencies addressed herein. Although "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a), "[v]alid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Plaintiff has previously filed five complaints in Fresno County Superior Court against the SSA and the United States of America, all of which were removed to this court. *See Villarino v. Social Sec. Admin.*, Nos. 1:13-cv-00734 AWI-SMS, 1:13-cv-01021 LJO-SMS, 2013 WL 3936900, at *1 (E.D. Cal. July 30, 2013). The court dismissed each of those complaints, with prejudice, for lack of subject matter jurisdiction and failure to state a claim. *Id.* In the court's most recent order dismissing the latter two of plaintiff's complaints, the court noted that defendants stated their intent to request a prefiling order against plaintiff as a vexatious litigant should plaintiff file a sixth, similar lawsuit. *Id.* at *6. Because defendant did not request such a prefiling order at that time, and in light of other considerations, the court ordered that:

/////

/////

/////

> Should Plaintiff file any complaint against these Defendants in superior court which Defendants then remove to this Court, Plaintiff will have 30 days from service of the removal to inform this Court why the complaint should not be dismissed for failure to state a claim and for lack of subject matter jurisdiction. After 30 days, Defendants need not answer or move to dismiss until the Court has addressed these issues in a screening order. (To expedite this process, the court asks Defendant to direct the Court's attention to this order when filing the removal.)

*Id.* at *7.

At the hearing on the pending motion, counsel for SSA represented to the court that, given the passage of time, it chose not to alert the court to the prior order before filing the pending motion to dismiss. Nonetheless, considering the court's prior order, and the plaintiff's history of filing similar lawsuits—each of which have been dismissed on the same grounds addressed herein—the court concludes that the granting of leave to amend would be futile.

**CONCLUSION**

For the reasons stated above,

1. Defendant's motion to dismiss (Doc. No. 3) is granted;
2. Plaintiff's complaint is dismissed with prejudice; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 16, 2018**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE